IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREAT MIDWEST INSURANCE COMPANY,

    Plaintiff,

v.

    Case No. _____

PROFESSIONAL HOME HEALTHCARE, INC.

    Defendants.

## COMPLAINT BY INSURER FOR DECLARATION OF RIGHTS UNDER INSURANCE POLICY

COMES NOW Plaintiff Great Midwest Insurance Company, by and through the undersigned attorneys, Civerolo, Gralow, Hill & Curtis, a Professional Association, by M. Clea Gutterson, Esq., for its Complaint by insurer for declaration of rights under insurance policy states as follows:

### I. JURISDICTIONAL ALLEGATIONS

1. Great Midwest Insurance Company (Great Midwest) is, and at all material times has been, an insurance company incorporated in the State of Texas with its principal place of business in Houston, Texas. Great Midwest is authorized to write and sell insurance in the State of New Mexico.

2. Defendant Professional Home Healthcare is a New Mexico Company which provides in-home health services. Upon information and belief, Professional Home Healthcare is a New Mexico corporation with its principal place of business in Santa Fe, New Mexico.

3. This Court has personal jurisdiction over the parties to this action as the insurance policy which is subject of the complaint was executed in the State of New Mexico and, further,

because the events and occurrences giving rise to the underlying suit, described below, occurred in Albuquerque, County of Bernalillo, State of New Mexico.

4. This Court has subject matter jurisdiction on the basis of diversity jurisdiction, 28 U.S.C. § 1332. This matter is a dispute between citizens of different states and involves a controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

5. This case is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

6. This Court has the authority to enter a Declaratory Judgment regarding the rights and liabilities of the parties pursuant to the Declaratory Judgment Act. A real and justiciable controversy exists between the parties with respect to whether Professional Home Healthcare is entitled to defense and indemnity coverage under the Great Midwest policy for the claims and damages sought in an underlying suit filed in the Second Judicial District Court, County of Bernalillo, under the style, *Barbara Good, as Personal Representative of the Estate of Carl Good, Deceased, v. Professional Home Healthcare, Inc., and John Does 1-5,* Case No. D-202-CV-2011-1146 (underlying suit). Declaratory relief will effectively adjudicate the rights and obligations of the parties.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a) because a substantial portion of the events giving rise to the claim for the declaratory action occurred in this District.

II. INSURANCE POLICY

8. Professional Home Healthcare sought professional liability insurance from Great Midwest.

9. On January 11th, 2011, Professional Home Healthcare filled out a supplemental application for the Philadelphia Insurance Company. Great Midwest utilized and relied on this application when considering the request for coverage by Professional Home Healthcare.

10. Question No. 16 of the application states, "Is the applicant aware of any circumstances which may result in any claim or suit made (including requests for medical records)?" Relevant portions of Application attached hereto as Exhibit A. Professional Home Healthcare answered, "No."

11. At the time, Professional Home Healthcare answered "No" and represented that it was not aware of any medical records requests, it had, in fact, received a request for medical records. On August 26, 2010, five months before it filled out its application, Professional Home Healthcare had received a request on behalf the family of Carl Good, Jr., for his medical records. Medical Record Request attached hereto as Exhibit B.

12. The request was made by a law firm hired by Mr. Good's family. Debbie Hogan, assistant to Charles Bennett, with the Whitener Law Firm in Albuquerque, New Mexico, wrote Professional Home Healthcare requesting Mr. Good's medical records relating to an "incident" which occurred on December 23rd, 2009. The letter states that the information is being requested to facilitate settlement with the insurance company. Exhibit B. An invoice dated September 2, 2010, shows that Professional Home Healthcare provided the Whitener Law Firm with Mr. Good's records. Invoice attached hereto as Exhibit C.

13. In reliance on the application, including Question No. 16, Great Midwest issued Professional Liability Insurance to Professional Home Healthcare.

14. Great Midwest issued Professional Liability Policy No. PP00005433-01GMIC to Professional Home Healthcare, Inc., on April 12th, 2011. Had Question No. 16 of the application been answered truthfully, Great Midwest may have refused to issue the policy or issued it with different provisions including higher premiums, riders or exclusions. The failure of Professional Home Health Care to fully and accurately answer the question in the application and its material misrepresentation voids coverage for the claims of Mr. Good.

15. The Professional Liability Policy issued by Great Midwest to Professional Home Healthcare, Inc. is a claims made policy. The insuring agreement provides at Section b.(3) that it applies to an injury only if a "claim" for damages… is first made against any insured, in accordance with Paragraph C. below, during the policy period. Paragraph C. provides that a claim shall be considered first made… when notice of such "claim" is received by any insured and reported to us.

16. "Claim" is defined in Section VI 4 as a "suit or demand made by or for the injured person for monetary damages because of alleged injury to which this insurance applies."

17. The August 26th, 2010 letter may constitute a claim which was first made against Professional Home Healthcare before the policy period. Accordingly, the claim of Carl Good's estate falls outside the policy.

18. Under Section 2 h, the policy excludes Known Prior Injury or Damage. This exclusion removes from coverage 'any "claim" based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any fact, circumstance or situation which has been the subject of any notice of a "claim," or incident which may result in a "claim" given under any prior policy.'

19.     The August 26th, 2010 letter to Professional Home Healthcare gave Professional Home Healthcare knowledge of an incident which may result in a claim under a prior policy period. Therefore, coverage for the claim, the underlying suit, is removed from coverage under the Known Prior Injury or Damage exclusion.

### III.     UNDERLYING SUIT

20.     On November 17th, 2011, the estate of Carl Good filed a Complaint for Wrongful Death against Professional Home Healthcare in Second Judicial District Court, County of Bernalillo, under the style, *Barbara Good, as Personal Representative of the Estate of Carl Good, Deceased, v. Professional Home Healthcare, Inc., and John Does 1-5,* Case No. D-202-CV-2011-1146. Complaint for Wrongful Death (underlying suit) attached hereto as Exhibit D.

21.     The underlying suit alleges that as a result of the breach of the standard of care, a Professional Home Healthcare employee negligently inserted a Foley catheter resulting in sepsis and Carl Good's death on January 3rd, 2010.

### IV.     CLAIMS FOR RELIEF

22.     Great Midwest issued the professional liability policy to Professional Home Healthcare, Inc., in reliance on the accuracy of Professional Home Healthcare's answers in its application.

23.     Professional Home Healthcare either negligently or intentionally misrepresented the answer to Question No. 16 when it failed to reveal the request for medical records made by a lawyer hired by the family of Carl Good. This misrepresentation is material and voids coverage.

24.     Pursuant to the professional liability policy, Great Midwest coverage applies only to claims for damages first made against Professional Home Healthcare during the policy period.

It also excludes from coverage any claim arising out of, directly or indirectly resulting from any notice of a claim or incident which may result in a claim. Great Midwest Professional Liability Policy attached hereto as Exhibit E.

25. The August 26th, 2010 demand for the medical records of decedent, Carl Good, and its reference to a settlement, put Professional Home Healthcare on notice of a claim. Accordingly, the lawsuit brought by the estate of Carl Good (underlying suit) does not fall within the insuring agreement as stated in Section b (3) of the Great Midwest policy.

26. Professional Home Healthcare had notice of the incident which might result in a claim prior to its application and prior to the Great Midwest policy being issued. The claims of Mr. Good's estate are excluded under the Known or Prior Injury or Damage exclusion of the policy.

27. Professional Home Healthcare's knowledge of the potential claim by Mr. Good's estate are excluded under the common law doctrine of known loss or loss in progress.

28. Great Midwest has agreed to defend Professional Home Healthcare, Inc. in the underlying suit pursuant to a reservation of rights.

29. A controversy has arisen among the parties regarding their respective rights and obligations under the policy and more particularly whether the Great Midwest policy provides defense and indemnity coverage for the damages alleged in the underlying suit against Professional Home Healthcare and, if so, what the coverage is.

30. Great Midwest contends it does not have a duty of defense or indemnity to Professional Home Healthcare in the underlying suit.

WHEREFORE, Great Midwest Insurance Company prays this Court for the following relief:

A. Enter a judgment declaring there is no coverage under the Great Midwest Insurance Policy for the underlying suit. The determination of no coverage includes but is not limited to declaration that Great Midwest owes no defense or indemnity obligation to Professional Home Healthcare.

B. Enter a judgment declaring the rights and obligations of each of the parties with respect to the disputes herein.

C. For an award to Great Midwest Insurance Company and against Professional Home Healthcare for amounts reimbursing it for all costs incurred and paid in the defense of the underlying *Good* suit.

D. Award of costs and fees in this action.

E. Grant Plaintiff any other and further relief as the Court deems just and proper.

CIVEROLO, GRALOW, HILL & CURTIS
A Professional Association

By: _____
M. Clea Gutterson, Esq.
*Attorneys for Plaintiff*
P. O. Drawer 887
Albuquerque, New Mexico 87103
(505) 842-8255