**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**GREAT MIDWEST INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                                                                              **No. 12-cv-0047 MV/SMV**

**PROFESSIONAL HOME HEALTHCARE INC.,**

    **Defendant and Third-Party Plaintiff,**

**v.**

**PHILADELPHIA INDEMNITY INSURANCE COMPANY,**

    **Third-Party Defendant**

## AMENDED SCHEDULING ORDER

THIS MATTER came before the Court on the second telephonic Rule 16 scheduling conference, held on August 20, 2012.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a "**Standard**" track classification. The original Scheduling Order [Doc. 14] is amended to reflect the following:

Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **November 19, 2012**. All other parties shall identify in writing any expert witness to be used by such parties at trial

and provide expert reports pursuant to FED. R. CIV. P. 26(a)(2)(B) no later than **December 18, 2012**.[1]

The termination date for discovery is **February 19, 2013,** and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **March 11, 2013**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **March 21, 2013**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

---

[1] Parties must formally disclose the identity of all testifying experts, even if the experts are not required to submit a Rule 26 expert report. *See Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah, May 1, 2008).

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to file a consolidated final Pretrial Order as follows:  Plaintiff to Defendant on or before **May 6, 2013**; Defendant to Court on or before **May 20, 2013**.

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial.  Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**