**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**GREAT MIDWEST INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                                          **No. 12-cv-0047 MV/SMV**

**PROFESSIONAL HOME HEALTHCARE INC.,**

    **Defendant and Third-Party Plaintiff,**

**v.**

**PHILADELPHIA INDEMNITY INSURANCE COMPANY,**

    **Third-Party Defendant.**

## AMENDED ORDER SETTING SETTLEMENT CONFERENCE

THIS MATTER is before the Court on the second Rule 16 scheduling conference, held on August 20, 2012. To facilitate a final disposition of this case, a mandatory Settlement Conference will be conducted in accordance with Rule 16(a)(5) of the Federal Rules of Civil Procedure. The conference will be held on **February 25, 2013 at 9:30 a.m.** in the Pecos Courtroom, third floor, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. N.W., Albuquerque, New Mexico.

The parties or a designated representative, other than counsel of record, with full authority to resolve the case, must attend in person. Counsel who will try the case must also attend in person. Those attending the settlement conference must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[1]

---

[1] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

*See generally Hand v. Walnut Valley Sailing Club*, No. 11-3228, 2012 WL 1111137 (10th Cir. Apr. 2, 2012) (unpublished) (affirming dismissal of case as sanction for violating confidentiality of settlement conference).

No later than **Monday, February 11, 2013**, Plaintiff shall serve on Defendant a letter setting forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff asserts will allow it to establish liability; (b) a brief explanation of why damages or other relief would be warranted; (c) an itemization of the principles supporting those damages; and (d) a settlement demand.[2]  No later than **Friday, February 15, 2013**, Defendant shall serve on Plaintiff a letter that sets forth at least the following information: (a) any points in Plaintiff's letter with which the defense agrees; (b) any points in Plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a counteroffer.[3]  If a release is contemplated, defense counsel shall include a proposed form of release with the letter.  Each of these letters typically should be five pages or fewer, and counsel must ensure that each party reads the opposing party's letter before the Settlement Conference.  If the case does not settle, Plaintiff shall provide copies of these letters to the Court no later than **5:00 p.m. on Tuesday, February 19, 2013**.

No later than **5:00 p.m. on Tuesday, February 19, 2013**, each party must provide the Court, in confidence, a concise position statement (typically no more than ten pages) containing an analysis

---

[2] With respect to the third-party complaint, Professional Home Healthcare, Inc., as Third-Party Plaintiff, shall follow the instructions designating the "Plaintiff" in this paragraph, and Philadelphia Indemnity Insurance Corporation shall follow the instructions designating the "Defendant" in this paragraph.

[3] If the parties have engaged in settlement negotiations, Plaintiff's demand should be lower than Plaintiff's most recent demand, and Defendant's counteroffer should be higher than Defendant's most recent counteroffer.

of the strengths and weaknesses of its case. Position statements must be submitted to the Court by e-mail at **VidmarChambers@nmcourt.fed.us**.[4]

Furthermore, if any party has in its possession any video or audio recording of the incident upon which this action is based, that party must submit a copy of the recording to the Court no later than **5:00 p.m. on Tuesday, February 19, 2013**.

The Settlement Conference will not be vacated or rescheduled except upon motion and for good cause shown. Any motion to vacate or reschedule the Settlement Conference shall provide the Court with sufficient notice to ensure that other matters may be scheduled in the time allotted for the Settlement Conference.

**IT IS THEREFORE ORDERED** as follows:

| | |
|---|---|
| **Plaintiff's letter and settlement demand due to Defendant:** | Monday, February 11, 2013 |
| **Defendant's letter and counteroffer due to Plaintiff:** | Friday, February 15, 2013 |
| **Plaintiff and Third-Party Plaintiff provide respective copies of settlement letters to the Court by:** | Tuesday, February 19, 2013 by 5:00 p.m. |
| **Parties' confidential position statements due to the Court:** | Tuesday, February 19, 2013 by 5:00 p.m. |
| **Settlement Conference:** | Monday, February 25, 2013, at 9:30 a.m. |

---

[4] Each e-mail message and its attachments cannot exceed 5 MB. Data exceeding 5 MB should be submitted in individual e-mail messages, each less than 5 MB.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge**